IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CAPITOL INDEMNITY CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:18-00537-N |
| BES DESIGN/BUILD LLC, *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] Plaintiff Capitol Indemnity Corporation ("the Plaintiff") has filed its first amended complaint ("FAC") (Doc. 16) as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). Like the initial complaint, the FAC alleges diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction…").

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the]

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos,* 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2]

Upon review of the FAC, the undersigned finds that the Plaintiff must correct the

---

[2] "In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), [the Eleventh Circuit] adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Travaglio*, 735 F.3d at 1268 n.1.

following deficiencies in its allegations supporting the citizenships of the newly joined defendants, Thomas Heil and the William Walter Bolt & Family Trust ("BAFT"):[3]

- Heil, a natural person, is alleged to be "a resident of Baldwin County..." (Doc. 16, ¶ 9).[4] First, the Plaintiff does not allege in what state the "Baldwin County" Heil resides in is located. Second, the Eleventh Circuit has repeatedly stressed that "**[c]itizenship**, not residence, is the key fact that **must be alleged** . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (emphasis added).[5] Accordingly, the

---

[3] The undersigned finds that the citizenships of the original parties has been sufficiently alleged, as has § 1332(a)'s requisite minimum amount in controversy. While a court can generally exercise supplemental jurisdiction over "claims that involve the joinder or intervention of additional parties[,]" 28 U.S.C. § 1367(a), when, as here, "original jurisdiction [is] founded solely on [28 U.S.C §] 1332…, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure…when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). Because allowing non-diverse defendants to be joined after the filing of the initial complaint "would be inconsistent with the jurisdictional requirements of section 1332," the Court must assure itself that the newly joined defendants are indeed diverse from the Plaintiff.

[4] Heil is sued in his capacity as trustee for BAFT. However, "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) (citing *Navarro Savings Association v. Lee*, 446 U.S. 458, 462-66 (1980)).

[5] *See also Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F.

Plaintiff must amend its complaint to allege Heil's state of citizenship (as opposed to his county of residence).[6]

- The FAC is unclear as to the nature of BAFT. "Traditionally, a trust was not considered a distinct legal entity, but a fiduciary relationship between multiple people. Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name. And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued." *Americold Realty Tr. v.*

---

App'x 772, 778 (11th Cir. 2008) (per curiam) (unpublished) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (per curiam) (unpublished) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship." (citing *Cong. of Racial Equal. v. Clemmons*, 323 F.2d 54, 58 (5th Cir. 1963) ("Diversity of citizenship, not of residence, is required under 28 U.S.C.A. § 1332. Wherever jurisdiction is predicated upon the citizenship (or alienage) of the parties, it should be noted that **since residence is not the equivalent of citizenship, an allegation that a party is a resident of a certain state or foreign country is not a sufficient allegation of his citizenship**." (quotation and citation omitted) (emphasis added))).

[6] "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations, quotations, and footnote omitted). "And domicile requires both residence in a state **and** 'an intention to remain there indefinitely....'" *Travaglio*, 735 F.3d at 1269 (quoting *McCormick,* 293 F.3d at 1258 (internal quotation marks omitted)) (emphasis added). *See also Mas*, 489 F.2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").

*Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016) (citations omitted). "Many States, however, have applied the 'trust' label to a variety of unincorporated entities that have little in common with this traditional template…So long as such an entity is unincorporated,…it possesses the citizenship of all its members…But neither this rule nor *Navarro*[7] limits an entity's membership to its trustees just because the entity happens to call itself a trust." *Id.* Accordingly, the Plaintiff must either amend its complaint to allege all members of BAFT and their citizenships,[8] or sufficiently explain why BAFT should be considered a "traditional trust" under Alabama law (the law under which it was allegedly organized) whose membership may be disregarded for

---

[7] The Supreme Court has rejected the argument that *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), stands for the proposition that "anything called a 'trust' possesses the citizenship of its trustees alone, not its shareholder beneficiaries as well[,]" stating: "*Navarro* had nothing to do with the citizenship of a 'trust.' Rather, *Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person. This rule coexists with our discussion above that when an artificial entity is sued in *its* name, it takes the citizenship of each of its members." *Americold*, 136 S. Ct. at 1016 (citation and quotation omitted).

[8] This "can require tracing through several layers." *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, "each member's citizenship must [also ]be properly alleged, be it an individual, corporation, LLC, or other entity"); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017) ("When determining citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen of. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC.").

purposes of diversity jurisdiction.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[L]eave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Upon consideration, the Plaintiff is **ORDERED** to file and serve, no later than **Wednesday, February 27, 2019**, an amended complaint that corrects the above-noted deficiencies in its allegations supporting diversity jurisdiction under § 1332(a), that alleges some alternative basis for subject matter jurisdiction, or that drops the parties whose citizenships have not been sufficiently alleged. In filing the amended complaint, the Plaintiff must abide by the following directives:

- The amended complaint, which will become the operative complaint in this action,[9] "must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference[,]" *see* S.D. Ala. CivLR 15(a); and

- the Plaintiff must file the amended complaint as a freestanding pleading and not as an exhibit attached to a notice, motion, etc.

---

[9] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

Any filing made in contravention of these directives will be deemed nonresponsive to this Order and will be summarily ordered stricken. The failure to file an amended complaint as ordered may result in further appropriate action, which may include entry of an order dropping Heil and BAFT as parties to this action under Federal Rule of Civil Procedure 21 in order to preserve subject matter jurisdiction, or possible dismissal of this action for lack of subject matter jurisdiction if it is determined that a party would be prejudiced by dropping either Heil or BAFT. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860–61 (11th Cir. 2000) (A "court can dismiss a dispensable party in order to retain jurisdiction. *See Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 833, 109 S.Ct. 2218, 2223, 104 L. Ed. 2d 893 (1989); *Ingram v. CSX Transportation, Inc.,* 146 F.3d 858, 863 (11th Cir. 1998). Such power is to be used sparingly, and the court should carefully consider whether one of the parties will be prejudiced by the dismissal. *See* 490 U.S. at 837–38, 109 S. Ct. at 2225.").

**DONE** and **ORDERED** this the 20th day of February 2019.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**